## CLARK v. UNITED STATES.
### No. 13436.

United States Court of Appeals
Fifth Circuit.

Dec. 14, 1951.

J. A. Walker, Jacob Walker, Jr., Opelika, Ala., for appellant.

E. Burns Parker, U. S. Atty., Ben Hardeman, Asst. U. S. Atty., Montgomery, Ala., for appellee.

Before HOLMES, STRUM and RIVES, Circuit Judges.

STRUM, Circuit Judge.

Appellant, a police officer of the City of Lafayette, Alabama, was convicted upon an indictment charging that in violation of 18 U.S.C.A. § 242, while acting under color of the laws of Alabama and ordinances of said city, he willfully subjected Willie B. Carlisle to a deprivation of civil rights and immunities secured to said Carlisle by the Fourteenth Amendment.[1] Appellant asserts, amongst other things, that portions of the trial court's charge to the jury are inharmonious with Screws v. U. S., 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495, particularly the charge as to the effect of the word "willful" as used in the statute.

Briefly, the facts are, that in response to a complaint appellant and a fellow police officer, driving a police patrol car, went to a dance hall in the colored section of said city, at night, where they ejected Carlisle and three companions from the hall because they had not paid admission. About five minutes later the police officers discovered that one of the tires on their car had been intentionally deflated. Suspecting Carlisle and his companions to be the culprits, the police officers arrested them about 11:30 p. m. on the following night and took them to the city jail, where Carlisle and one of the others were subjected to a grilling and were whipped several times with a rubber hose and walking stick. Carlisle soon became unconscious and died in a hospital several hours later.

Appellant contends that it was necessary to use force to overcome Carlisle's resistance when they attempted to place him in a cell, as a result of which he may have been injured. However, the evidence fully supports the conclusion, apparently reached by the jury, that Carlisle was beaten for the purpose of inflicting illegal summary punishment, and that he died of a brain concussion resulting from being struck on the head by a blunt instrument in the course of such assault, while appellant was acting under color of law. This prosecution followed the acquittal of appellant in an Alabama state court on a charge of murder in the first degree, based upon the same circumstances here involved.

It would be impracticable to here reproduce the trial court's charge in full.

---

1. Appellant was jointly indicted with another police officer, Doyle Mitchum, as to whom there was a severance.

*Inter alia,* the jury was in substance told that the defendant below was charged with unlawfully and willfully depriving Carlisle of his federal constitutional rights; that is, that the defendant took the law into his own hands and inflicted punishment on Carlisle either to punish him for some misconduct on his part, or to extort a confession from him; that an officer can not lawfully administer punishment in such manner, even though the person assaulted is guilty of a violation of the law; that no officer is authorized to punish him because he refuses to confess; that such person has the right to be tried according to law in a court of justice; and that it is charged that the defendant, by his conduct, willfully deprived Carlisle of this right.

At the request of the defendant, the trial court further charged the jury in substance that under the charge of the indictment that the defendant "willfully" committed the acts in question, it is not sufficient to justify a conviction that the defendant acted simply by the exercise of his will, or that he had a generally bad purpose in doing them, but to convict the jury must find beyond a reasonable doubt not only that defendant committed the acts charged, but that "at the time he had the purpose to deprive the prisoner of the particular constitutional rights of which it is alleged * * he deprived the prisoner, Carlisle."

Appellant concedes that thus far the charge is harmonious with the Screws case, but contends that it is rendered erroneous by the following charge given immediately thereafter by the court of its own motion: "In that connection, gentlemen of the jury, I call your attention further to the fact that, of course, they (the defendants) had to intend to do what they did in the way of punishment; and they had to intend that they would deprive him (Carlisle) of his right to trial in Court, that the law provides. But, now, they (defendants) may have so far as the law is concerned been ignorant of the provisions that protect them (the prisoners) from such conduct, and the only willful knowledge they (defendants) had was to do the willful acts to deprive him (Carlisle) from trial in Court and not to

be arrested without a warrant, and not to suffer punishment inflicted on him."

Appellant asserts that the effect of the second sentence of the charge last quoted is to erroneously render immaterial knowledge on the part of appellant that he was depriving the prisoner of a constitutional right. Appellant contends that he could not willfully deprive the prisoner of a constitutional right if he did not know the right existed. But that is a *non sequitur.*

■ Appellant's contention is fully answered by the following language in the majority opinion in the Screws case [325 U.S. 91, 65 S.Ct. 1037]: "The fact that the defendants may not have been thinking in constitutional terms is not material where their aim was not to enforce local law but to deprive a citizen of a right and that right was protected by the Constitution. When they so act they at least act in reckless disregard of constitutional prohibitions or guarantees. * * * Such a purpose need not be expressed; it may at times be reasonably inferred from all the circumstances attendant on the act."

It is that thought that the trial judge was endeavoring to express to the jury in layman's language. There was no deviation, however, from the paramount requirement of the statute that defendant must act with a specific intent to deprive Carlisle of his constitutional rights, as distinguished from a mere unlawful assault inspired by personal malice. The jury was adequately advised that it was not sufficient that the defendant acted with a generally bad purpose, or with a purpose unrelated to an intent to deprive the prisoner of a constitutional guarantee, but that to convict it was necessary for the jury to find beyond a reasonable doubt that the defendant acted with a purpose to deprive the prisoner of his constitutional rights and immunities,—for example, the right to be tried by a court of law rather than by ordeal, and immunity from the use of force and violence to extort a confession, which is the doctrine of the Screws case. See also Williams v. U. S., 5 Cir., 9 F.2d 656, affirmed 341 U.S. 97, 71 S.Ct. 576, 95 L.Ed. 774.

We have also carefully examined appellant's other objections to the court's charge, as well as other assignments of error. Viewing the charge non-technically as a whole, and not isolated parts of it *in vacuo,* we conclude that it states the law with substantial accuracy. On the record as a whole, it appears that appellant was afforded a fair trial in which his substantial rights were fully protected. Criminal Rule 52(a), 18 U.S.C.A. There is ample support in the evidence for the jury's verdict.

Affirmed.